**In re CRAIG P.**

**No. 95–111–M.P.**

Supreme Court of Rhode Island.

March 1, 1996.

Anthony E. Angeli, Jr., Providence, for Plaintiff.

Robert B. Mann, Providence, for Defendant.

## OPINION

WEISBERGER, Chief Justice.

This case comes to us on a petition for certiorari filed by the Rhode Island Department of Children, Youth, and Families (DCYF) to review a judgment of the Family Court requiring DCYF to develop and implement a treatment and rehabilitation plan for Craig P. (respondent). We grant the petition for certiorari and quash the order of the Family Court. The facts insofar as relevant to this petition are as follows.

On September 21, 1989, respondent, who was then aged fifteen, admitted to four counts of first-degree murder and two counts of burglary. He was committed by the Fam-

ily Court to the Rhode Island Training School for Youth (Training School) until his twenty-first birthday.[1] On October 1, 1993, respondent assaulted a Training School guard and was transferred to the Adult Correctional Institutions (ACI) to await trial. He was convicted in Superior Court of assault and extortion of the guard on October 7, 1994. On December 1, 1994, respondent was sentenced to fifteen years, seven years to serve at the ACI.

On September 22, 1994, while respondent was awaiting trial on the charges of assault and extortion, the Family Court ordered DCYF to design and implement a treatment plan for him on the ground that he had refused to comply with the psychiatric evaluation ordered for him at the Training School. On January 10, 1995, DCYF filed a motion to reconsider the order of the Family Court, contending that it had no authority to develop a treatment plan for respondent, who had reached his twenty-first birthday and had passed into the custody of the Department of Corrections. This motion was denied by the Family Court, whereupon DCYF then sought review in this court by petition for certiorari.

According to DCYF, it lacks the statutory power to treat and rehabilitate respondent because he is over twenty-one years of age. We agree. General Laws 1956 (1993 Reenactment) § 42–72–2 authorizes DCYF to provide social services to children in need of treatment or rehabilitation. "Children" is defined by § 42–72–3(4) to include persons under the age of eighteen. This section extends DCYF authority to the age of twenty-one for children who are under the continuing jurisdiction of the Family Court.[2] In the instant case Family Court jurisdiction over respondent ended with the termination of his sentence upon his twenty-first birthday. G.L.1956 (1994 Reenactment) § 14–1–

6; *see In re Richard P.,* 451 A.2d 274, 277 (R.I.1982). Moreover, we are of the opinion that responsibility for the custody and supervision of respondent passed to the Department of Corrections upon his transfer to the ACI.[3] Therefore, the Family Court had no authority to enter an order requiring DCYF to formulate a treatment plan for respondent in the ACI. Any efforts at rehabilitation of this individual would have then become the sole responsibility of the Department of Corrections.

We conclude that the Family Court had no authority to require DCYF to exercise any responsibility or to create any plan with respect to the rehabilitation of the respondent. Upon the attainment of the respondent's twenty-first birthday, and from the point of his transfer to the ACI, all such authority passed to the Department of Corrections and the Superior Court. For the reasons stated, the petition for certiorari is granted. The order of the Family Court is quashed, and the papers in the case may be remanded to the Family Court with our decision endorsed thereon.

---

1. The respondent turned twenty-one on October 11, 1994.

2. General Laws 1956 (1993 Reenactment) § 42–72–3 provides:
   " 'Child' or 'children' means any person under the age of eighteen (18); provided that children over the age of eighteen (18) who are nevertheless subject to the continuing jurisdiction of the family court pursuant to chapter 1 of title 14 * * * ."

Family Court jurisdiction over respondent was obtained by petitions pursuant to G.L.1956 (1994 Reenactment) § 14–1–11.

3. General Laws 1956 (1993 Reenactment) § 42–56–1(b) authorizes the Department of Corrections to "provide for the custody, care, discipline, training, treatment, and study of persons committed to state correctional institutions * * * ."